IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GARY ZULLO,

    Plaintiff,

v.                                                                            CASE NO. 1:10-cv-00030-SPM-AK

PESSO DISTRIBUTORS,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Answer, on grounds that Defendant, as a corporation, cannot proceed *pro se*. (Doc. 6). However, Defendant represents that she is a small business owner, not a corporation. (Docs. 4, 8 and 9). Defendant also requests that the Court order mediation and expedite this cause. (Doc. 10). While the Court can appreciate Defendant's health problems, it cannot order Plaintiff to settle this case, but settlement is certainly encouraged and mediation will be ordered at a later date. To expedite this matter, the following schedule shall be implemented.

## **RULE 16.1(B)(1) ATTORNEY CONFERENCE**

No later than thirty days from this date or by **July 21, 2010**, counsel of record and any unrepresented parties shall confer, either in person or telephonically, regarding the following matters, as required by Rule 26(f), Federal Rules of Civil Procedure.

    1.      Identify the principal factual and legal issues in dispute;

    2.      Discuss the principal evidentiary basis for claims and defenses;

    3.      Determine deadlines for joinder of other parties, amendments to the pleadings, the

filing of motions and responses, and deadlines for designation of experts and their reports;

4. Discuss when voluntary disclosure of documents or other information should be made pursuant to Rule 26.1 [no later than fourteen (14) days after the attorney conference];

5. Identify any motions whose early resolution would have significant impact on the scope of discovery or other aspects of the litigation;

6. Determine what additional discovery is required beyond the voluntary disclosures and initial depositions of the parties, with designated time limitations;

7. Discuss whether all parties consent to jurisdiction by a magistrate judge;

8. Discuss whether mediation might be helpful;

9. Discuss settlement prospects fully with each other and their respective clients and represent to the Court that they have done so and communicate the costs of going through litigation and the appeal process with each's respective clients and represent to the Court that they have done so.

10. Discuss preparation of a Joint Report, **which in cases where the defendants are proceeding pro se shall be filed by the Plaintiff**, and shall include all proposed scheduling deadlines, as well as a good faith estimate as to when the parties believe they will be ready for trial and how long that trial might last.

## FILING OF JOINT REPORT

**FOURTEEN (14) DAYS AFTER THE MEETING OF THE PARTIES**, Plaintiff shall file a Joint Report setting forth proposed deadlines for completion of discovery (no more than 120 days); joinder of parties and amendment to the pleadings (no more than 90 days from the close of discovery); designation of experts (at least 60 days prior to close of discovery for Plaintiff, 30 days prior to close of discovery for Defendant); and the filing of dispositive motions (usually within 30 days of the close of discovery). The parties shall also include a good faith estimate as to when the parties believe they will be ready for trial and how long that trial might last. The Court will promptly consider the parties' filed joint report and will enter an order

adopting and/or modifying the proposed deadlines within **14 days** thereafter.

## INTERROGATORIES AND REQUESTS FOR ADMISSIONS

The combined total number of interrogatories or requests for admissions from one party to another shall not exceed twenty five (25) in number, including all discrete subparts. FED. R. CIV. P. 33(a), Federal Rules of Civil Procedure. The parties may, upon the filing of a motion and for good cause shown, seek an enlargement of this number. Interrogatories and the answers thereto and requests for production or inspection shall not be filed unless needed for a particular purpose. [See N.D. Fla. Loc. R. 26.2(A)].

## RESOLUTION OF DISCOVERY CONTROVERSIES

The parties must attempt to resolve discovery controversies without the Court's intervention. The Court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, counsel are unable to reach an agreement or resolution. Any motion filed shall include certification that such attempts have been made, in accordance with Rule 7(B) and Rule 37, Federal Rules of Civil Procedure, and shall be in the form required by Local Rule 26.2(B). **All discovery motions must be filed before the close of discovery.**

## ATTORNEYS' FEES RECORDS

In any proceeding in which a party is seeking attorney's fees from the opposing party to be awarded by the Court pursuant to a statute, contract, or law, the party seeking such an award of attorney's fees shall:

> (a) Maintain a complete, separate, and accurate record of time (to the nearest l/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity (*i.e.* not just

"research" or "conference") involved in the action, and

(b) File a summary of such time record with the Clerk of the Court by the **15th day** of each month during the pendency of the action, for work done during the preceding month. If the attorney determines that the attorney/client privilege requires these records be filed under seal, the attorney must, at the time of such filing, place the records in a sealed envelope no larger than 8½ by 11 inches. The attorney must also attach to the front of these sealed records a summary, for filing, of the time records and serve a copy thereof on opposing parties or their counsel, which summary shall state the total of the hours represented by the sealed filing, i.e.,

"TOTAL ATTORNEY HOURS THIS FILING"

"TOTAL NON-ATTORNEY HOURS THIS FILING"

Attorney time records will not be placed in the general case action file, but will be maintained in a separate folder in the Clerk's Office. Upon termination of this case or the determination of attorney's fees, whichever occurs later, all sealed time records in this civil action will be destroyed.

(c) If claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual and filed as specified above, together with the hourly rate at which such person is actually reimbursed.

(d) Time records for past work performed to date in this case shall be filed within **30 days** from receipt of this order, or by the required filing date of the current month's time records, whichever is later.

The purpose of this requirement is to enable the Court to adequately perform its function in awarding attorney's fees. Failure to comply with these requirements will result in attorney's fees being disallowed for the required reporting period. A motion for an award of attorney's fees and related non-taxable expenses should be made in accordance with Rule 54(d), Federal Rules of Civil Procedure, and must be filed and served within **30 days** after entry of judgment.

## **SUMMARY JUDGMENT MOTIONS**

Any motion for summary judgment filed pursuant to Rule 56 (or Rule 12(b)(6) which requires reference to matters outside the pleading), Federal Rules of Civil Procedure, shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.

The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact, by page, paragraph, number, or other detail sufficient to permit the Court to readily locate and check the source.

The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth above.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party. [See N.D. Fla. Loc. R. 56.1(A)].

## **AMENDMENTS**

This order may be amended by the Court on its own motion or upon motion of any party. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That Plaintiff's Motion to Strike (doc. 6) is DENIED, but without prejudice to again so move if the motion can be supported by documentation establishing that Defendant is a corporate entity.

2. The parties shall confer and file a Joint Report as directed above.

DONE AND ORDERED this 21st day of June, 2010.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    Chief United States District Judge